IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARY FEEZOR,

      Plaintiff,

    v.

EXCEL STOCKTON, et al.,

      Defendants.

No. 12-cv-0156-KJM-EFB

ORDER AND
ORDER TO SHOW CAUSE

Relying on Rule 12(b)(1) of the Federal Rules of Civil Procedure, plaintiff Lary Feezor filed a motion to dismiss his claims against defendant Bed Bath and Beyond, taking the position that he lacks standing in light of his admission that he does not intend to return to the Bed Bath and Beyond store in Stockton. (ECF 68.) In opposition, defendant argues that the proper vehicle is a motion for voluntary dismissal under Rule 41(a)(2). Plaintiff has submitted a declaration in reply, saying that "[a]lthough I testified that . . . I would never return to the Bed Bath & Beyond store, in retrospect those statements were made in a moment of heightened frustration and anger . . . . [¶] I currently intend to return to the Bed Bath & Beyond store in Stockton." (ECF 72-1 ¶¶ 3, 5.) In addition, plaintiff's counsel makes the following representation in reply: "Lest there be any confusion . . . plaintiff Lary Feezor *does not* want his

1

Rule 12(b)(1) motion granted and *does not* want it treated as a Rule 41(a)(2) motion to dismiss – he wants to pursue his state and federal law claims against Bed Bath & Beyond." (ECF 72 at 2 (emphases in original).) Counsel further argues that it was his obligation to bring the issue of standing to the court's attention but hopes that the court will deny his motion. (*Id.*) Counsel's position in reply is a complete reversal from the position taken in the moving papers, in which he asserted that plaintiff wanted to dismiss the claim because he "no longer intended to return" to the Bed Bath & Beyond at issue in this case. (ECF 68-1 at 3.)

Counsel's briefing, including in its reliance on Federal Rule of Civil Procedure 12(b)(1), appears to contravene Federal Rule of Civil Procedure 11, which provides in pertinent part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information

FED. R. CIV. P. 11(b). Moreover, plaintiff's reply declaration appears akin to a "sham affidavit," designed to forestall an adverse ruling by "contradicting [his] prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir.1991). Nonetheless, the court will give the plaintiff the opportunity to present evidence on the issue of plaintiff's standing at an evidentiary hearing to clarify the apparent inconsistencies in the current record. Whether or not

plaintiff elects to present further evidence on the question of standing, attorney Lynn Hubbard III is directed to personally appear and show cause why he should not be sanctioned for his handling of the pending motion to dismiss. FED. R. CIV. P. 11(c).

IT IS THEREFORE ORDERED that:

1. An evidentiary hearing on the question of plaintiff's standing is set for March 26, 2013 at 10:00 a.m. in Courtroom Three; Lynn Hubbard III is directed to appear personally for the hearing;

2. Should plaintiff elect not to present further evidence on the issue of standing, he shall notify the court and opposing counsel at least seven days before hearing; and

3. Whether or not the evidentiary hearing goes forward, Lynn Hubbard III is directed to personally appear on March 26, 2013 at 10:00 a.m. in Courtroom Three to show cause why he should not be sanctioned for his conduct in connection with the pending motion to dismiss.

DATED: March 11, 2013.

UNITED STATES DISTRICT JUDGE