UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARY FEEZOR, | No. 2:12-CV-0156 KJM EFB |
| Plaintiff, | |
| v. | ORDER |
| EXCEL STOCKTON, LLC, et al., | |
| Defendants. | |

On November 14, 2013, the court conducted a final pretrial conference. Anthony Bettencourt appeared for plaintiff Lary Feezor; Martin Orlick appeared for defendant Bed, Bath and Beyond.

After hearing, and good cause appearing, the court makes the following findings and orders:

JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1367. Jurisdiction and venue are not contested.

JURY/NON-JURY

This case will be tried to the court.

/////

/////

1

UNDISPUTED FACTS

1. Bed, Bath and Beyond (BBB) is a limited liability corporation, based in California and authorized to do business in California.

2. BBB leases property at 10822 Trinity Parkway, Stockton, California, which is the location of BBB Store #635.

3. BBB Store #635 is a sales or retail establishment, open to the public, intended for nonresidential use, whose operation affects commerce.

4. BBB Store #635 is a place of public accommodation to which the general public is invited.

5. As the result of an automobile accident, plaintiff is a paraplegic, which affects his ability to walk and stand.

6. Feezor uses a wheelchair when traveling about in public.

7. Feezor is "physically disabled" as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

DISPUTED FACTUAL ISSUES

1. Whether plaintiff visited BBB Store # 635 on several occasions, including at least one documented visit.

2. Whether plaintiff encountered barriers to access on his visits to BBB Store #635.

3. Whether plaintiff was deterred from visiting BBB Store #635 because he knew of the barriers.

4. Whether plaintiff travels through the Stockton area at least twice annually en route to the Veteran's Hospital in Palo Alto, where he receives care and treatment.

5. Whether plaintiff often stays overnight in Stockton during his trips to Palo Alto and whether he enjoys shopping at the stores in the Park West Shopping Center.

6. Whether plaintiff visited BBB Store #635 on December 28, 2011 and December 5, 2012, among other occasions.

7. Whether plaintiff has a receipt documenting his December 28, 2011 visit.

/////

8. Whether the water closet stall door was not self-closing during plaintiff's visit to BBB Store # 635, making it difficult for plaintiff completely and properly to close the door.

SPECIAL FACTUAL INFORMATION

None applicable.

DISPUTED EVIDENTIARY ISSUES

BBB challenges plaintiff's competence to provide opinion testimony as to whether conditions in BBB Store #635 comply with disabled access laws or regulations.

Plaintiff intends to file several motions in limine. The schedule for filing these motions is outlined below.

STIPULATIONS/AGREED STATEMENTS

None.

RELIEF SOUGHT

Plaintiff seeks injunctive relief, damages and attorneys' fees.

POINTS OF LAW

The parties shall alert the court to disputes about the applicable law and legal standards. Trial briefs addressing these points more completely shall be filed with this court no later than seven days prior to the date of trial in accordance with Local Rule 285.

ABANDONED ISSUES

BBB withdraws all its affirmative defenses.

WITNESSES

Plaintiff's witnesses are identified on attachment A. Defendant's witnesses are identified on attachment B.

Each party may call any witnesses designated by the other.

A. The court will not permit any other witness to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

      (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

  B. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

      (1) The witness could not reasonably have been discovered prior to the discovery cutoff;

      (2) The court and opposing parties were promptly notified upon discovery of the witness;

      (3) If time permitted, the party proffered the witness for deposition; and

      (4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

EXHIBITS, SCHEDULES AND SUMMARIES

  Plaintiff's exhibits are identified on attachment C.  At trial, plaintiff's exhibits shall be listed numerically.

  Defendant's exhibits are identified on attachment D.  At trial, defendant's exhibits shall be listed alphabetically.

  The court encourages the parties to generate a joint exhibit list to the extent possible. Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

  All exhibits must be premarked.

  The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.

  The parties must exchange exhibits no later than twenty-eight days before trial.  Any objections to exhibits are due no later than fourteen days before trial.

  A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

          1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

          2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

    B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

          1. The exhibits could not reasonably have been discovered earlier;

          2. The court and the opposing parties were promptly informed of their existence;

          3. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

DEPOSITION TRANSCRIPTS

    Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than fourteen days before trial.

FURTHER DISCOVERY OR MOTIONS

    Discovery closed on January 18, 2013.

AMENDMENTS/DISMISSALS

    None are contemplated.

SETTLEMENT

    The parties do not believe settlement is achievable and the court accepts this assessment.

MOTIONS IN LIMINE

    The court will hear any motions in limine on the first day of trial.   The motions should be filed no later than January 31, 2014, with opposition due by February 7, 2014 and optional replies by February 14, 2014.

/////

JOINT STATEMENT OF THE CASE

The court does not require the parties to submit a joint statement of the case for this bench trial.

SEPARATE TRIAL OF ISSUES

BBB asks the issue of the self-closing stall door be tried first, for if the door complies with the applicable law, plaintiff's ADA claims are moot and the court may decline to exercise its supplemental jurisdiction over the state claims. Feezor does not oppose this procedure. The court grants BBB's request for bifurcation.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Not applicable.

ATTORNEYS' FEES

Each side will seek fees if it prevails.

ESTIMATED TIME OF TRIAL/TRIAL DATE

Court trial is set for Friday, February 21, 2014 at 9:00 a.m. in Courtroom Three before the Honorable Kimberly J. Mueller. Trial is anticipated to last one day. The parties are directed to Judge Mueller's trial schedule outlined at the "important information" link located on her web page on the court's website.

MISCELLANEOUS

Trial briefs are due seven days before trial.

BBB will be filing a motion to dismiss for lack of subject matter jurisdiction, as the last remaining barrier alleged with reliance on the Americans with Disabilities Act (ADA) has been addressed.

OBJECTIONS TO PRETRIAL ORDER

Each party is granted fourteen days from the date of this order to file objections to the same. If no objections are filed, the order will become final without further order of this court.

DATED: November 22, 2013.

UNITED STATES DISTRICT JUDGE

6