UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARY FEEZOR, | Civ. No. S-12-156 KJM EFB |
| Plaintiff, | |
| v. | ORDER |
| EXCEL STOCKTON, LLC, et al., | |
| Defendants. | |

The motion to dismiss filed by defendant Bed Bath and Beyond ("BBB"), ECF No. 104, is pending before the court. Plaintiff has filed a statement of non-opposition to the motion. ECF No. 106. The court ordered the motion submitted without a hearing and now GRANTS it.

I. BACKGROUND

In January 2012, plaintiff Lary Feezor (Feezor or plaintiff) filed a complaint alleging he encountered barriers at a shopping mall in Stockton, California, including the following barriers at a store operated by BBB at 10822 Trinity Parkway, Stockton: there is insufficient strike side clearance on the swing door when entering the restroom, making it difficult for Feezor to pull open the door; the water closet stall door is not self-closing, making it difficult for Feezor to completely and properly close the door; the front roll of toilet tissue is mounted too far from the front of the water closet, making it difficult for Feezor to reach and use;

1

1. the front roll of toilet tissue is mounted too far from the back wall, making it difficult for Feezor to reach and use; the pipes beneath the lavatory are incompletely wrapped, causing Feezor to risk burning his legs; and there is insufficient strike side clearance when exiting the restroom, making it difficult for Feezor to open the door.  ECF No. 1 ¶ 33.  He alleges these failings violate the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; the Disabled Persons Act, CAL. CIV. CODE § 54, *et seq.*; the Unruh Civil Rights Act, CAL. CIV. CODE § 51; and California Health and Safety Code § 19955, *et seq*.  ECF No. 1 at 45-50.

On May 31, 2013, BBB filed a motion for summary judgment asserting that the conditions plaintiff identified as barriers in his complaint no longer exist or are not violations of law.  ECF No. 87-1 at 7.

On September 30, 2013, the court granted BBB's motion for summary judgment on plaintiff's ADA claims regarding strike side clearance, location of the toilet tissue dispenser, and insulation wrapping of the undersink pipes, but denied the motion as to plaintiff's ADA claim regarding the self-closing stall door.  Because that federal claim remained, the court denied BBB's request to dismiss or sever plaintiff's state law claims.  ECF No. 96.

BBB has now filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the only remaining barrier, the lack of a self-closing stall door, has been remedied -- or indeed never existed -- and so plaintiff lacks standing to seek relief under the ADA.  ECF No. 104.

Plaintiff filed his statement of non-opposition on January 3, 2014.  ECF No. 106.

II. ANALYSIS

A.  Standard

Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie outside the jurisdiction of the court.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377–78 (1994).  Lack of subject matter jurisdiction may be challenged by either party or raised *sua sponte* by the court.  FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 12(h)(3); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1983).  A Rule 12(b)(1) jurisdictional attack may be either facial or factual.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In a

2

facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming all the allegations are true and construing the complaint in the light most favorable to plaintiff. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

By contrast, in a factual attack, the challenger provides evidence that an alleged fact is false resulting in a lack of subject matter jurisdiction. *Id*. In these circumstances, the allegations are not presumed to be true and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

A challenge to the plaintiff's standing to seek injunctive relief is properly brought under Rule 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011); *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 955 (9th Cir. 2011). Moreover, "[s]tanding can be reviewed at any time because it is a jurisdictional concern." *Hartman v. Summers*, 120 F.3d 157, 160 n. 4 (9th Cir. 1997).

B.  The ADA Requirements and the Evidence in this Case

The ADA, 42 U.S.C. § 12101, et seq., was adopted to address discrimination against individuals with disabilities. *Chapman*, 631 F.3d at 945. Title III of the Act, which applies to places of public accommodation, requires owners, lessors or lessees of such facilities, built or altered after 1993, to ensure that the facilities are "readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." 42 U.S.C. § 12183(a)(2); *Rush v. Kim*, 908 F. Supp. 2d 1117, 1119 (C.D. Cal. 2012). "In general, a facility is 'readily accessible to and usable by individuals with disabilities' if it meets the requirements promulgated by the Attorney General in the 'ADA Accessibility Guidelines' or 'ADAAG,' which is essentially an encyclopedia of design standards." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903,

3

905 (9th Cir. 2011); *Kohler v. Flava Enter., Inc.*, 826 F. Supp. 2d 1221, 1226 (S.D. Cal. 2011). These guidelines were developed in 1991 by an independent federal agency and were adopted and promulgated by the Department of Justice (DOJ) as regulations (hereafter "1991 Standards"). *Rush*, 908 F. Supp. 2d at 1119. The Access Board revised the standards in 2004, and in 2010 the DOJ adopted these standards as enforceable regulations (hereafter "2010 Standards"). *Scherr v. Marriott Int'l.*, 703 F.3d 1069, 1076 (9th Cir. 2013). As of March 15, 2012, new construction or alterations must comply with the 2010 Standards. *Id.*; *see Kohler v. Presidio Int'l, Inc.*, No. CV 10-4680 PSG (PJWx), 2013 WL 1246801, at *11 (N.D. Cal. Mar. 25, 2013); 28 C.F.R. § 36.406(a)(3). Before that date, both the 1991 and the 2010 Standards can be used to evaluate compliance. *Scherr*, 703 F.3d at 1076; *Kohler v. Flava Enter.*, 826 F. Supp. 2d at 1229.

The ADA requires an accessible water closet stall to have an "outward swinging, self-closing door." *See* 1991 ADAAG § 4.23.4; *see also* 2010 ADAAG § 604.8.1.2. Larry Wood, a Certified Access Specialist (CASp), certified by the State of California to undertake accessibility surveys, visited the BBB store at issue and inspected the men's restroom on April 28, 2013. Decl. of Larry Wood, ECF No. 104-3 ¶¶ 2-4. He says the door to the stall identified as accessible has a self-closing mechanism and avers that when the opened door is released it closes slowly and gently on its own, coming to rest in a closed position. *Id.* ¶ 6. He also asserts the door was self-closing during visits he made on October 30 and November 13, 2013, and that he tested it by opening the door ten times and releasing it from various positions, noting that each time the door closed on its own and came to rest in a fully closed position. *Id.* ¶ 9, 11. In Wood's expert opinion, the door to the accessible stall in the men's restroom of the BBB store under consideration has an outward swinging, self-closing door. *Id.* ¶ 11. Attached to Wood's declaration is a video he made during his October 30 visit, showing the operation of the door. *Id.* Wood's description of the video is accurate, that it shows the door swinging shut on its own from an open position.

Because injunctive relief is the only remedy available under Title III of the ADA, an action becomes moot if the facilities are brought into compliance during the course of the litigation. *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002); *see generally Lujan v. Defenders*

4

1  *of Wildlife*, 504 U.S. 555, 560 (1992) (internal citation and quotation marks omitted; alteration in
2  original) (describing the formulation for Article III standing:  (1) plaintiff must have suffered an
3  injury in fact; (2) "there must be a causal connection between the injury and the conduct
4  complained of—the injury has to be fairly . . . trace[able] to the challenged action of the
5  defendant and not  . . . th[e] result [of] the independent action of some third party not before the
6  court; and (3) "it must be 'likely' as opposed to merely 'speculative,' that the injury will be
7  redressed by a favorable decision.").  BBB has demonstrated that the only barrier remaining after
8  summary judgment has been removed and so shown that plaintiff lacks standing to pursue his
9  ADA claim.  As noted, plaintiff has filed a notice of non-opposition and, as BBB observes,
10  counsel for plaintiff agreed at the final pretrial conference that the stall door was compliant.  The
11  ADA claim must be dismissed for lack of subject matter jurisdiction.

12  This court's jurisdiction over the case stemmed from the presence of the ADA
13  claim, while the state law claims were brought within the court's supplemental jurisdiction.
14  Generally, "[a] federal district court with power to hear state law claims has discretion to keep, or
15  decline to keep, [the state law claims] under the conditions set out in § 1367(c)." *Acri v. Varian*
16  *Assoc., Inc.*, 114 F.3d 999, 1000, *as supplemented by* 121 F.3d 714 (9th Cir. 1997).  One such
17  condition is when "the district court has dismissed all claims over which it has original
18  jurisdiction." 28 U.S.C.A. § 1367(c)(3).  However, when a court dismisses the only federal
19  claims for lack of subject matter jurisdiction, it has no discretion to retain the supplemental state
20  law claims. *Scott v. Pasadena Unified Sch. Dist.*, 306 F. 3d 646, 664 (9th Cir. 2002).
21  Accordingly, plaintiff's state claims against BBB are dismissed, without prejudice.

22      IT IS THEREFORE ORDERED that:
23      1.  BBB's motion to dismiss, ECF No. 104, is granted; and
24      2.  This case is closed.
25  Dated:  January 23, 2014.
26
27  UNITED STATES DISTRICT JUDGE
28

5