UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARY FEEZOR, | No. 2:12-cv-00156-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| EXCEL STOCKTON, LLC, et al., | |
| Defendants. | |

This matter is before the court on the Motion for Attorney Fees (ECF 113) and Request for Costs (ECF 111) by defendant Bed Bath & Beyond of California, LLC ("BBB"). Plaintiff Lary Feezor opposes the motion (ECF 118) and objects to the costs request (ECF 112), and BBB has replied (ECFs 117, 119). The court held a hearing on the matter on March 14, 2014, at which Scottlynn Hubbard IV appeared for plaintiff and Matthew Kenefick for defendant. As explained below, the court DENIES BBB's motion and request.

I.   INTRODUCTION

In January 2012, plaintiff filed a complaint alleging he encountered barriers at a shopping mall, including the following barriers at a store operated by BBB at 10822 Trinity Parkway in Stockton, California: (1) there is insufficient strike side clearance on the swing door when entering the restroom, making it difficult for Feezor to pull open the door; (2) there is insufficient strike side clearance when exiting the restroom, making it difficult for Feezor to open

1

the door; (3) the water closet stall door is not self-closing, making it difficult for Feezor to completely and properly close the door; (4) the front roll of toilet tissue is mounted too far from the front of the water closet, making it difficult for Feezor to reach and use; (5) the front roll of toilet tissue is mounted too far from the back wall, making it difficult for Feezor to reach and use; and (6) the pipes beneath the lavatory are incompletely wrapped, causing Feezor to risk burning his legs. (ECF 1 ¶ 33.) Plaintiff alleged these failings violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; the Disabled Persons Act, CAL. CIV. CODE § 54, *et seq.*; the Unruh Civil Rights Act, CAL. CIV. CODE § 51; and California Health and Safety Code § 19955, *et seq.* (*Id.* at 45-50.)

On January 16, 2013, plaintiff filed a motion to dismiss his own claims against BBB under Federal Rule of Civil Procedure 12(b)(1), claiming that the court lacked subject matter jurisdiction. (ECF 68.) The court issued an order to show cause why plaintiff's lawyer, Lynn Hubbard III, should not be sanctioned for his actions in connection with the motion to dismiss. (ECF 74.) Subsequently, the court sanctioned Lynn Hubbard III in the amount of $5,000, findings plaintiff's motion to dismiss was without factual support. (ECF 90 at 25.)

On May 31, 2013, BBB filed a motion for summary judgment asserting the conditions plaintiff identified as barriers in his complaint no longer existed or were not violations of law. (ECF 87-1 at 7.) On September 30, 2013, the court granted BBB summary judgment on plaintiff's ADA claims regarding strike-side clearance; location of the toilet tissue dispenser; and insulation wrapping of the undersink pipes, but denied the motion as to plaintiff's ADA claim regarding the self-closing stall door. (ECF 96.)

On November 22, 2013, BBB filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the only remaining barrier, the lack of a self-closing stall door, had been remedied or never existed and so plaintiff lacked standing to seek relief under the ADA. (ECF 104.) Plaintiff filed his statement of non-opposition on January 3, 2014. (ECF 106.) On January 24, 2014, the court dismissed plaintiff's remaining ADA and state law claims against BBB for lack of subject matter jurisdiction. (ECF 109.)

/////

## II. LEGAL STANDARD

The ADA provides for an award of attorney's fees to a prevailing party: "In any action . . . commenced pursuant to this chapter, the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. The Ninth Circuit has held that attorney's fees should be awarded in an ADA case only "upon 'a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). This rigorous standard applies to prevailing defendants in civil rights actions because the "policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant." *Christiansburg Garment Co.*, 434 U.S. at 418-19 (internal quotation marks omitted). In particular, "[t]o take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement" of civil rights statutes such as the ADA. *Id.* at 422. "Because § 12205 makes fees and costs parallel, . . . the *Christianburg* test also applies to an award of costs to a prevailing defendant under the ADA." *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001).

A claim is "frivolous" if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The prevailing defendant "bears the burden of establishing that the fees for which it is asking are in fact incurred solely by the need to defend against those frivolous claims." *Harris v. Maricopa Cnty. Super. Ct.*, 631 F.3d 963, 971 (9th Cir. 2011).

## III. DISCUSSION

Because attorney's fees and costs under the ADA are analyzed under the same legal standard, the court analyzes defendant's requests together. As an initial matter, the court finds and the parties agree that this court has jurisdiction to award attorney's fees and costs in this case. *See Moore v. Permanente Medical Grp., Inc.,* 981 F.2d 443, 445 (9th Cir. 1992) ("[I]t is

/////

clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits.").

Additionally, the court finds and the parties agree that BBB is the prevailing party as to the claims on which the court granted summary judgment on the merits: (1) plaintiff's ADA claims related to the entry strike-side clearance; (2) the exit strike-side clearance; and (3) the toilet-tissue-dispenser location. (*See* ECF 96 at 6-12, 13-14.) The question before the court is whether those claims were frivolous, unreasonable, or without foundation in law.

BBB essentially argues plaintiff's claims regarding the strike-side clearance and location of toilet-tissue-dispenser were frivolous because the court granted summary judgment on those claims and because in three separate cases, district courts have granted summary judgment on, or dismissed, ADA claims similar to the claims asserted by plaintiff in this case. (*See* ECF 113-1 at 9-10.)

Plaintiff responds that at least one district court has held plaintiff's "argument on strike side clearance [to be] 'reasonable and supported by evidence and argument.'" (ECF 118 at 4 (citing *Rush v. Denco Ens., Inc.*, 857 F. Supp. 2d 969, 971 (C.D. Cal. 2012), *reconsideration denied*, EDCV 11-0030 DOC, 2012 WL 3206674 (C.D. Cal. Aug. 3, 2012)).) Plaintiff also points out district courts are not bound by the decisions of sister district courts, and that the decisions BBB points to are on appeal. (ECF 118 at 4-5.)

A civil rights claim is not "frivolous" merely because the "plaintiff did not ultimately prevail." *EEOC v. Bruno's Rest.*, 13 F.3d 285, 287 (9th Cir. 1993) (quoting *Christiansburg*, 434 U.S. at 421–22). If the plaintiff "made plausible arguments as to why [he] should prevail[,] the fact that the arguments were not successful doesn't make them frivolous." *R.P. ex rel. C.P. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011). Even if the court grants summary judgment because no "reasonable jury could return a verdict in [the plaintiff's] favor," the court may still deny a prevailing defendant's attorney fees. *Brooks v. Cook*, 938 F.2d 1048, 1054–55 (9th Cir. 1991) (collecting cases). Further, if a plaintiff's claims "raised a question that was not answered clearly by [Ninth Circuit] precedent," then those claims were not frivolous. *Gibson v. Office of Att'y Gen., State of Cal.*, 561 F.3d 920, 929 (9th Cir.

4

2009); *see also Legal Servs. of N. Cal., Inc. v. Arnett*, 114 F.3d 135, 141 (9th Cir. 1997) (denying attorney's fees to a prevailing defendant in a civil rights case because the plaintiff "was launching a good faith effort to advance a novel theory" even though the "position was unsupported by existing precedent").

The court finds plaintiff's ultimately unsuccessful ADA claims against BBB were not frivolous. In granting summary judgment, the court did not then find plaintiff's claims unreasonable or frivolous. (*See* ECF 96.) *See Christiansburg Garment Co.*, 434 U.S. at 421-22 ("[I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.").

Moreover, no Ninth Circuit or Supreme Court authority foreclosed plaintiff's claims. *Cf. Gibson*, 561 F.3d at 929 (reversing district court's grant of attorney fees to the prevailing civil rights defendant and finding the plaintiffs' claim non-frivolous because the plaintiffs "raised a question that was not answered clearly by . . . [Ninth Circuit] precedent . . . .). BBB's reliance on district court decisions is unavailing; plaintiff is correct, those decisions are not binding on this court. *Camreta v. Greene*, ___ U.S. ___, 131 S. Ct. 2020, 2033 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (treatise citation omitted)).

Under these circumstances, plaintiff's claims were not frivolous or unreasonable. BBB has not met its burden to justify attorney's fees and costs.

IV. CONCLUSION

For the foregoing reasons, defendant's Motion for Attorney Fees and Request for Costs are DENIED.

IT IS SO ORDERED.

DATED: April 10, 2014.

UNITED STATES DISTRICT JUDGE